UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. COSTA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID L HAET, et al.,<br><br>    Defendants. | No.  2:22-cv-1003 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Michael S. Costa is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the Court are plaintiff's amended complaint and motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2, 6, 7.)  The amended complaint concerns allegations related to a child custody dispute.

The Court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.

////

////

1

1    **I.     Plaintiff's Application to Proceed In Forma Pauperis**

2          Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15         Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23         To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1    (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2    lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3    conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5            The minimum requirements for a civil complaint in federal court are as follows:

6                    A pleading which sets forth a claim for relief . . . shall contain (1) a
                     short and plain statement of the grounds upon which the court's
7                    jurisdiction depends . . . , (2) a short and plain statement of the claim
                     showing that the pleader is entitled to relief, and (3) a demand for
8                    judgment for the relief the pleader seeks.

9    Fed. R. Civ. P. 8(a).

10   **II.      Plaintiff's Amended Complaint**

11           Plaintiff's amended complaint alleges that the defendants are various employees of the

12   California Department of Child Support Services ("DCSS").  The amended complaint alleges that

13   these defendants "work together" to "destroy a non-custodial parent" and that "a father should

14   [be] able to go to any court that he is a resident of and get visitation rights[.]"  (Am. Compl. (ECF

15   No. 6) at 19.)  Plaintiff is "asking the courts to order DCSS to stop all [child support]

16   garnishments and % on arrears" until plaintiff can "get visitors for my daughter."  (Id. at 21.)

17           Under the Rooker-Feldman doctrine a federal district court is precluded from hearing

18   "cases brought by state-court losers complaining of injuries caused by state-court judgments

19   rendered before the district court proceedings commenced and inviting district court review and

20   rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

21   284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and

22   judgments, but to interlocutory orders and non-final judgments issued

23   by a state court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir.

24   2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

25           The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

26   court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

27   do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

28   district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

3

1    state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

2    (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal'

3    forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

4    erroneous decision by a state court, and seeks relief from a state court judgment based on that

5    decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

6    at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

7    doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

8    'which a party losing in state court' seeks 'what in substance would be appellate review of the

9    state judgment in a United States district court, based on the losing party's claim that the state

10   judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

11   997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief

12   from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

13   alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

14
15
16
17
> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

18   Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

19   district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

20   state court had not passed directly on those claims, when the constitutional attack [is]

21   'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

22   16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the

23   federal court action are 'inextricably intertwined' with the state court's decision such that the

24   adjudication of the federal claims would undercut the state ruling or require the district court to

25   interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,

26   485).

27          Disputes over child custody matters fall squarely within the Rooker-Feldman bar.  See,

28   e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit

4

1  concerning state court divorce and child custody proceedings on <u>Rooker-Feldman</u> grounds);

2  <u>Gomez v. San Diego Family Ct.</u>, 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state

3  court custody decision on <u>Rooker-Feldman</u> grounds); <u>Sareen v. Sareen</u>, 356 Fed. Appx. 977 (9th

4  Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child

5  custody action on <u>Rooker-Feldman</u> grounds).

6  **III.    Leave to Amend**

7        For the reasons stated above, plaintiff's amended complaint should be dismissed.  The

8  undersigned has carefully considered whether plaintiff may further amend the complaint to state a

9  claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

10  undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan</u>

11  <u>Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see</u> <u>also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath</u>

12  <u>Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

13  be freely given, the court does not have to allow futile amendments).

14        Here, plaintiff was previously advised of the defects noted above and granted leave to

15  amend.  (ECF No. 3.)  Given the defects noted above, and plaintiff's inability to successfully

16  amend the complaint, the undersigned finds that granting plaintiff further leave to amend would

17  be futile.

18                            **CONCLUSION**

19        Accordingly, IT IS HEREBY RECOMMENDED that:

20        1.  Plaintiff's June 9, 2022 application to proceed in forma pauperis (ECF No. 2) be

21  denied;

22        2.  Plaintiff's January 6, 2023 application to proceed in forma pauperis (ECF No. 7) be

23  denied;

24        3.  The amended complaint filed on January 6, 2023, be dismissed without further leave to

25  amend; and

26        4.  This action be closed.

27        These findings and recommendations will be submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

1  after being served with these findings and recommendations, plaintiff may file written objections

2  with the court.  A document containing objections should be titled "Objections to Magistrate

3  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

4  the specified time may, under certain circumstances, waive the right to appeal the District Court's

5  order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  Dated:  May 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\costa1003.dism.f&rs