UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. COSTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID L. HAET et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-01003-TLN-DB<br><br>**ORDER** |

　　　　This matter is before the Court on Pro Se Plaintiff Michael Costa's ("Plaintiff") Motion for Extension of Time to File an Appeal. (ECF No. 13.) Defendants David L. Haet, Mark D. Navarro, Michael Hulshof, Roberto Romo, Derrick Fok, and Andrew Ablalock (collectively, "Defendants") did not file an opposition. For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Extension of Time to File an Appeal.

///
///
///
///
///
///
///

1

1     A detailed recitation of the facts and procedural history is not necessary for the disposition
2 of Plaintiff's motion.  As relevant here, the Court adopted in full the findings and
3 recommendations of Magistrate Judge Deborah Barnes and dismissed Plaintiff's Complaint
4 without leave to amend.  (ECF No. 10.)  The Clerk of Court entered judgment against Plaintiff on
5 August 7, 2023, and attempted to serve him via United States mail.  (ECF No. 11.)

6     On August 17, 2023, Plaintiff notified the Court that his residence address changed.  (ECF
7 No. 12.)  The following day, the mail containing the Court's Order and Judgment (ECF Nos. 10,
8 11) was returned as undeliverable.

9     On November 16, 2023, Plaintiff filed the instant motion for an extension of time to file
10 his notice of appeal.  (ECF No. 13.)  Defendants did not file an opposition.

11    Plaintiff argues the Court should grant his motion because he "never got notified of the
12 final decision with the courts."  (ECF No. 13 at 1.)  He maintains he informed the Court he did
13 not have a mailing address for a while and called the Court several times to inquire about the
14 status of his case and was informed a decision had not yet been rendered.  (*Id.* at 1–2.)  Plaintiff
15 does not provide the legal basis for his motion, but the Court nevertheless construes it as a motion
16 to reopen the time to file an appeal.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court
17 must construe pro se plaintiff's pleadings liberally).

18    Federal Rule of Civil Procedure 77(d) requires the district clerk to immediately serve on
19 each party — who is not in default for failure to appear — the notice of the entry of an order or
20 judgment.  A party seeking to appeal an order or judgment must ordinarily file their notice of
21 appeal 30 days after entry of the order or judgment appealed from.  Fed. R. App. P. 4(a)(1)(A).  If
22 that 30-day window has passed, a district court may, upon motion, reopen the time to file an
23 appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice
> under Federal Rule of Civil Procedure 77(d) of the entry of
> judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order
> is entered or within 14 days after the moving party receives notice
> under Federal Rule of Civil Procedure 77(d) of the entry, whichever
> is earlier; and

(C) the court finds that no party would be prejudiced.

*United States v. Winkles*, 795 F.3d 1134, 1144 (9th Cir. 2015) (quoting Federal Rule of Appellate Procedure 4(a)(6)).

The Court finds Plaintiff has met all three factors.  First, Plaintiff contends he did not receive notice of the Court's Order and Judgment until November 1, 2023 (ECF No. 13 at 1–2), which is well after the 21-day deadline imposed by Federal Rule of Appellate Procedure 4(a)(6)(A).[1]  Second, Plaintiff filed his motion on November 16, 2023, which is within 180 days after the entry of the Court's Order and Judgment.[2]  Finally, the Court finds Defendants have waived any prejudice argument by not filing an opposition brief.  *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1069 n.2 (9th Cir. 2003).

Accordingly, the Court GRANTS Plaintiff's Motion for Extension of Time to File an Appeal.  (ECF No. 13.)  Plaintiff shall file any notice of appeal within 14 days of the electronic filing date of this Order.  Plaintiff is admonished that this deadline is strict and may not be extended.  *See Winkles*, 795 F.3d at 1145 ("Because meeting the deadline to appeal is jurisdictional, courts do not have authority to create 'equitable exceptions' to it.").

IT IS SO ORDERED.

Date:  February 8, 2024

_____
Troy L. Nunley
United States District Judge

---

[1]  The Court's Order and Judgment were entered on August 7, 2023.  (ECF Nos. 10, 11.)  Twenty-one days after August 7, 2023, would be August 28, 2023.

[2]  As noted above, the Court's Order and Judgment were entered on August 7, 2023.  One hundred eighty days after entry would be February 3, 2024.  Although Plaintiff concedes he received notice that a decision was made on November 1, 2023 (ECF No. 13 at 1–2), which is after the 14-day requirement of Federal Rule of Appellate Procedure 4(a)(6)(B), Plaintiff was notified orally (ECF No. 13 at 7).  Oral communication alone, however, is insufficient to trigger the 14-day time period of Federal Rule of Appellate Procedure 4(a)(6)(B).  *Nguyen v. Sw. Leasing & Rental, Inc.*, 282 F.3d 1061, 1065 (9th Cir. 2002).